UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL S.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

Case No. C19-5238 TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

This case is before the Court for the second time. On February 1, 2017, Administrative Law Judge ("ALJ") Michael Gilbert issued a decision finding plaintiff not disabled. *See* AR 18–30. Plaintiff sought review in this Court, and Chief Magistrate Judge Brian Tsuchida entered an order granting the parties' stipulated request for remand. *See* AR 3102–03. On January 25, 2019, ALJ Mary Gallagher Dilley issued a new decision again finding plaintiff not disabled. *See* AR 2991–3009. Plaintiff seeks review of the January 25 decision.

I.      ISSUES FOR REVIEW

A.   Did the ALJ harmfully err in rejecting plaintiff's symptom testimony?

B.   Did the ALJ harmfully err in rejecting plaintiff's girlfriend's testimony?

II.     DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's residual functional capacity to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, to determine, at step five, whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla," of evidence. *Id.*

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court considers in its review only the reasons the ALJ identified and may not affirm for a different reason. *Id.* at 1010. Furthermore, "[l]ong-standing principles of administrative

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (citations omitted).

### A.   The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Testimony

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*

Plaintiff testified his mental health problems prevent him from working.[1] *See* AR 58, 348, 3034–36, 3043. He testified he struggles with social interactions and anger. *See* AR 68–72, 353–54, 392–94, 3053. He testified he avoids public interaction. *See* AR 73–74, 352–53, 391, 394. He testified he has problems sleeping. *See* AR 72, 74–76, 349, 388, 394–95, 3046–47.

The ALJ found plaintiff's medically determinable impairments could cause the symptoms he alleged. *See* AR 2997. But the ALJ found plaintiff's statements regarding

---

[1] Plaintiff focuses on the ALJ's treatment of his mental health symptom testimony, so the Court addresses only that testimony. *See* Pl. Op. Br. (Dkt. # 14) at 3–14.

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

1  the severity of his mental health symptoms were not fully consistent with the medical
2  and other evidence in the record. *See* AR 2999–3002.
3      Plaintiff has failed to show the ALJ harmfully erred. *See Ludwig v. Astrue*, 681
4  F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407–09
5  (2009)) (holding that the party challenging an administrative decision bears the burden
6  of proving harmful error). An ALJ may reject a claimant's symptom testimony when it is
7  contradicted by the medical evidence. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533
8  F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th
9  Cir.1995)). The Court's job is not to reconsider the evidence, but to determine whether
10 the ALJ's interpretation of that evidence was reasonable. *See Thomas v. Barnhart*, 278
11 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one
12 rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion
13 must be upheld.").
14     Here, the record supports that plaintiff has problems with sleep and dealt with
15 significant challenges in his child custody dispute with his ex-wife. *See, e.g.*, AR 468,
16 483–84, 500, 550, 581, 602, 2904, 3312. But the record also contains substantial
17 evidence to support the ALJ's determination that plaintiff's complaints were inconsistent
18 with the medical evidence because his mental status findings were largely benign. *See,*
19 *e.g.*, AR 464, 467, 503, 533, 551, 584–85, 601, 666, 683, 694, 2275–2341, 3000. The
20 record further supports the ALJ's determination that plaintiff responded well to modest
21 treatment. *See, e.g.*, AR 3266, 3330, 3334, 3408. Plaintiff reported his sleep was
22 manageable with trazodone, which he did not have to use every night. *See* AR 473–74,
23 3408. And plaintiff declined antidepressants. *See* AR 18F16, 20F12, 3316. An ALJ may
24
25

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

discount the claimant's symptom testimony where the claimant fails to seek or follow a prescribed course of treatment without adequate explanation, or where the level of treatment is inconsistent with the severity of symptoms alleged. *See Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012).

The Court need not address the ALJ's remaining reasons for rejecting plaintiff's testimony because any error in that analysis was harmless. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *See id.* at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)).

### B.   The ALJ Did Not Harmfully Err in Rejecting Plaintiff's Girlfriend's Testimony

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific supporting documents in the record as long as "arguably germane reasons" for dismissing the testimony are noted, and the ALJ is not required to "clearly link his determination to those reasons". *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Plaintiff's girlfriend, Rachel Updegrove, submitted written statements in February 2016, and October 2018, and testified at the second hearing in December 2018, describing her observations of plaintiff. *See* AR 422–26, 3055–61, 3250–54. Ms. Updegrove reported plaintiff has anger and sleep problems. *See id.*

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

The ALJ rejected Ms. Updegrove's[2] statements as "inconsistent with [plaintiff's] good response to treatment and the benign mental status findings during individual and group therapy sessions." AR 3006–07. This reasoning mirrored the ALJ's analysis regarding plaintiff's testimony and is upheld for the same reasons. *See supra* Part II.A; *see also Molina*, 674 F.3d at 1122 (finding no error where lay witnesses' testimony did not describe any limitations beyond those the plaintiff described, and the ALJ had reasonably rejected plaintiff's testimony).

### III. CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 14th day of August, 2020.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

---

[2] The ALJ incorrectly identified Ms. Updegrove as Ms. Underwood. *See* AR 3006.

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 6